UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:23-CV-22564-KMW

DIETRA YOUNG, as parent and natural
Guardian of L.B. (minor),

     Plaintiff,

v.

WALMART STORES EAST, LP,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO APPEAR

**THIS CAUSE** is before the Court upon Defendant Walmart Stores East, LP's *ore tenus* Motion to Dismiss for Failure to Retain Counsel. [ECF. No. 14]. The Court has carefully considered the record and the issues presented at the September 21, 2023, Status Conference. [ECF. No. 13]. Accordingly, it is **RECOMMENDED** that the case be dismissed without prejudice.

## BACKGROUND

Plaintiff Dietra Young, as parent and natural guardian of L.B. (minor), filed this negligence action in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. [ECF. No. 1]. Defendant Walmart Stores East, LP removed the action to federal court on July 11, 2023. [*Id.*]. Plaintiff alleges a claim for premises liability against Defendant resulting in the minor's injuries. [*Id.* at 2]. On August 3, 2023, Plaintiff's counsel filed an unopposed Motion to Withdraw as Counsel. [ECF. No. 8]. On August 17, the Undersigned granted the Motion to Withdraw as Counsel, ordering Plaintiff to seek and retain counsel within thirty days from the date of the Order. [ECF. No. 11]. Former counsel for Plaintiff, Rubenstein Law, P.A., was

ordered to furnish a copy of the Order to Plaintiff. [*Id.*]. Additionally, the Court sent the Order to Plaintiff at her address of record. [*Id.*]

On September 21, 2023, the Court held a Status Conference regarding the status of Plaintiff's replacement counsel. [ECF. No. 13]. The Paperless Order setting the telephonic Status Conference was sent to Plaintiff at her address of record. At the Status Conference, neither Plaintiff nor an attorney acting on her behalf appeared. The Court attempted to contact Plaintiff by telephone (using the number provided by former counsel) but was unsuccessful. Defendant's counsel stated she was also unable to contact Plaintiff. [*Id.*]. Defendant moved *ore tenus* Motion to Dismiss for Failure to Retain Counsel. [ECF. No. 14].

## LEGAL STANDARD

28 U.S.C. § 1654 states that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Further, regarding minor or incompetent persons, Federal Rule of Civil Procedure 17 states:

(1) *With a Representative*. The following representatives may sue or defend on behalf of a minor or an incompetent person:

(A) a general guardian;
(B) a committee;
(C) a conservator; or
(D) a like fiduciary.

(2) *Without a Representative*. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(1)–(2).

Courts have consistently held that neither 28 U.S.C. § 1654 nor Fed. R. Civ. P 17(c) permit a parent to represent its child in federal court. *Devine v. Indian River County Sch. Bd.,* 121 F.3d 576, 581–82 (11th Cir.1997). *Accord Osei–Afriyie v. Medical College of Penn.,* 937 F.2d 876, 882–83 (3d Cir.1991) (neither section 1654 nor Rule 17(c) permit non-lawyer parent to represent child in federal court); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990) (same); *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir.1986) (same); *Whitehurst v. Wal–Mart,* 306 F. App'x. 446 (11th Cir.2008) (same). Simply put, "parents who are not attorneys may not bring a *pro se* action on their child's behalf—because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Devine*, 121 F.3d at 582.

## DISCUSSION

This case should be dismissed. Plaintiff was advised by the Court to obtain replacement counsel and was provided a copy of the Order requiring that she obtain replacement counsel. [ECF. No. 11]. Plaintiff also failed to attend the Status Conference to discuss the status of her representation. [ECF. No. 13]. As of the Order granting Plaintiff's counsel's withdrawal, Plaintiff has proceeded *pro se*. But Plaintiff may not represent her family's interests. *See Whitehurst*, 306 F. Appx. at 449 (holding that claims brought on plaintiff's son's behalf fail because a non-lawyer parent may not represent a child in an action in the child's name). Young's claims are brought solely on behalf of L.B., her child. Therefore, the claims should be dismissed.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion [ECF. No. 14] be granted and that this case be dismissed without prejudice.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 27th day of September, 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **United States District Judge Kathleen M. Williams;**

        **All Counsel of Record**